24 F.3d 244
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Lion Minas BABAYAN and Youkina Grikar Minas Babayan, Petitioners,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70829.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 6, 1994.
Decided May 12, 1994.
 
 1
 Before: KOZINSKI and TROTT, Circuit Judges, and LEVI,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Lion Minas Babayan and Youkina Grikar Minas Babayan, citizens of Iran and practicing Armenian Christians, petition for review of the decision of the Board of Immigration Appeals ("BIA") upholding the Immigration Judge's ("IJ") denial of their petition for asylum and withholding of deportation. The BIA also denied their motion to remand to give them an opportunity to apply for suspension of deportation. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105(a), and we deny the petition for review.
 
 
 4
 * Section 208(a) of the Immigration and Nationality Act ("Act"), 8 U.S.C. Sec. 1158(a), "authorizes the Attorney General, in his discretion, to grant asylum to an alien who is unable or unwilling to return to his home country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987) (citing definition of "refugee" at 8 U.S.C. Sec. 1101(a)(42)). The "well-founded fear" requirement has both a subjective and an objective component. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). The subjective component may be satisfied by "an applicant's credible testimony that he genuinely fears persecution." Id. The objective component requires "credible, direct, and specific evidence of facts supporting a reasonable fear of persecution." Id. (internal quotation marks omitted). The burden is on the alien to establish eligibility for asylum. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991).
 
 
 5
 The BIA's factual determination that an alien has failed to prove a well-founded fear of persecution is reviewed for substantial evidence. Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992). We will reverse "only if the evidence presented to the [BIA] was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Id.
 
 
 6
 Petitioners have established that they are Armenian Christians. They concede that the government never bothered them and that the Armenian Christian churches were open in Iran. However, Mr. Babayan testified that individuals from the community cursed at people who went to Christian churches and pressured them "to go to the muslim church." According to Mrs. Babayan, Armenian Christian women were "give[n] much more trouble," if they were seen in public without a veil. Mrs. Babayan testified that she once went shopping without wearing a veil, and a few young men "began to give me trouble." She also testified that a daughter of a friend was killed in an altercation sparked because the woman wore a dress without sleeves.
 
 
 7
 Unlike our recent decision in Hartooni v. INS, No. 92-70613, slip op. 3347 (9th Cir. Apr. 7, 1994), the evidence presented by petitioners does not compel reversal of the BIA's findings. In Hartooni, the petitioner was also a citizen of Iran and a practicing Armenian Christian. We observed that under then-existing State Department policy, "Christian Armenians were presumptively eligible for asylum." Id. at 3355. However, we then noted that "[i]n addition to evidence of general persecution of a protected group we generally require a petitioner to demonstrate a specific inference of personal danger." Id. at 3355-56 (internal quotation marks omitted).
 
 
 8
 In Hartooni, the petitioner testified that Iranian soldiers threw stones at her church while she was inside. Id. at 3356. The Iranian government closed the Armenian Christian school she attended. Id. Soldiers threatened to send her to prison after finding her with hair outside its "tie." Id. Soldiers visited her house inquiring about her brothers who had moved to the United States. After petitioner left Iran, soldiers again visited the family home to ask about her. We held that these facts, if true, satisfied "the requirement of a personal connection to the general persecution suffered by Christian Armenians in Iran." Id. at 3357.
 
 
 9
 Here, petitioners fail to meet that personal connection requirement. Petitioners offer only vague descriptions of their harassment. Unlike Hartooni, private individuals, not soldiers were the offending parties. Although this distinction is not dispositive, cf. Arteaga v. INS, 836 F.2d 1227, 1231 (9th Cir.1988) (threat of persecution need not come from government), it is relevant that the "rather frightening power of the Iranian state" had not taken notice of petitioners. Hartooni, slip op. at 3356. Furthermore, it is unclear whether the harassment of Mrs. Babayan for not wearing a veil was on account of her religion. While her religion may not require women to wear veils, nothing in the record suggests it violates her faith to wear a veil.
 
 
 10
 Petitioners contend that the opinion letter from the State Department's Office of Asylum Affairs, Bureau of Human Rights and Humanitarian Affairs ("BHRHA") satisfies the objective component of the "well-founded fear" requirement. The letter stated that, assuming the statements in the asylum application were true, the BHRHA believed petitioners had a well-founded fear of persecution, if they could establish their membership in the Christian faith. While the BHRHA opinion should be given "significant weight," it is not binding on the IJ and BIA, nor is it dispositive. As we recognized in Hartooni, the State Department's conclusion that Armenian Christians are subject to general persecution is not the end of the inquiry. A "personal connection to the general persecution" must also be established, and petitioners failed to make a sufficient connection.
 
 
 11
 Although we are sympathetic to the difficulties faced by Armenian Christians in Iran, we conclude the BIA's finding that petitioners lacked a well-founded fear of persecution is supported by substantial evidence. Because petitioners failed to demonstrate a well-founded fear of persecution, we need not "address whether the petitioners would meet the more stringent standard of clear probability of persecution required for withholding of deportation." Berroteran-Melendez v. INS, 955 F.2d 1251, 1258 (9th Cir.1992).
 
 II
 
 12
 Petitioners also challenge the BIA's denial of their motion to remand to allow them the opportunity to apply for suspension of deportation pursuant to section 244(a)(1) of the Act, 8 U.S.C. Sec. 1254(a)(1). A motion to remand must meet the same requirements as a motion to reopen. Rodriguez v. INS, 841 F.2d 865, 867 (9th Cir.1987). Consequently, we review the BIA's decision to deny a motion to remand for abuse of discretion. See Limsico v. INS, 951 F.2d 210, 213 (9th Cir.1991).
 
 
 13
 The letter to the BIA requesting that petitioners' case be remanded failed to comply with the regulations with respect to motions to reopen. Petitioners did not submit applications for suspension of deportation supported by affidavits or other evidence. See 8 C.F.R. Sec. 3.8. A staff attorney from the BIA explained these requirements in writing. Without submitting the applications and accompanying documents, petitioners failed to establish a prima facie case for suspension of deportation. The BIA did not abuse its discretion in denying petitioners' motion.
 
 
 14
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The Honorable David F. Levi, United States District Judge for the Eastern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3